## EXHIBIT B

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| PIERCE ROBERTSON et al, on behalf of himself an | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22-cv-22538-ALTMAN/Reid |
| MARK CUBAN and DALLAS BASKETBALL LIMITED, d/b/a Dallas Mavericks, et al | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Sullivan & Cromwell LLP, by and through its corporate representative(s) with knowledge of the subjects listed in Exhibit A, pursuant to Florida Rule of Civil Procedure 1.310(b)(6).

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: **See attached Exhibit A**

| Place: ZOOM VIDEOCONFERENCE (contact Counsel for Details) | Date and Time: 01/27/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: **VIDEOTAPE AND COURT REPORTER**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See attached Exhibit B**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/27/2022

CLERK OF COURT

OR

/s/Adam M. Moskowitz

*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **PLAINTIFFS**
_____, who issues or requests this subpoena, are:
THE MOSKOWITZ LAW FIRM and BOIES SCHILLER FLEXNER   adam@moskowitz-law.com, joseph@moskowitz-law.com, barbara@moskowitz-law.com, dboies@bsfllp.com, aboies@bsfllp.com, szack@bsfllp.com, service@moskowitz-law.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 22-cv-22538-ALTMAN/Reid

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1. "Sullivan & Cromwell," "S&C," "You," or "Your" means Sullivan & Cromwell LLP, any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2. "FTX Entities" means FTX Trading LTD d/b/a FTX ("FTX Trading") and West Realm Shires Services Inc. d/b/a FTX US ("FTX US"), and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "Voyager Entities" means Voyager Digital LTD and Voyager Digital LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5. "Voyager Platform" refers to the Voyager Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

6. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

7. "EPAs" refers to the interest-bearing Earn Program Accounts offered by the Voyager Entities on the Voyager Platform

8. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

9. "VGX" refers to the native cryptocurrency exchange token of the Voyager Platform ecosystem.

10. "Contracts and Agreements" is intended to and shall embrace and include all documents, forms, deeds, leases, memorandums of understanding, electronic correspondence, emails, letters and text messages that define rights and responsibilities between You and any related entity, or You and any other entity affiliated in any way with the promotion, marketing, sale, and servicing of Voyager's mobile application cryptocurrency trading/investment platform.

11. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

12. "Communication(s)" means any mode or method of contact for the transmission, dissemination, request for, or receipt of information of any kind including thoughts, mental impressions, ideas, suggestions, etc., conveyed in any format, and by any means or medium whatsoever. This shall include, but shall not be limited to, all statements, admissions, denials,

inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, voice messages, letters, correspondence, notes, telegrams, telexes, emails, advertisements, or any other form of written or verbal intercourse. The requests include communication to, from, or within a corporate entity or organization and include any and all communications by, between, and among its representatives, employees, agents, advisors, brokers, or attorneys (except when privileged).

13. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of these discovery requests.

14. "Relating to," "relate to," "regarding," or "reflecting" means in any way directly or indirectly concerning, referring to, disclosing, describing, confirming, supporting, evidencing, representing, clarifying, evidencing, supporting, or contradicting.

15. "Support" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing or consulting.

16. "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. In all other aspects, "Identify" means to describe, explain, depict, and/or provide details of the information requested.

17. "Support" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing, or consulting.

18.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

19.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. DEPOSITION SUBJECTS

Pursuant to Rule 30(b)(6), S&C shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1. All Documents or Communications between You and any representatives of the FTX Entities or Voyager Entities regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

2. All Documents or Communications between You and any federal or state entity regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

3. All Documents or Communications between You and any investor, consumer, or member of the public regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

4. All Documents or Communications between You and any Brand Ambassador of FTX or Voyager regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act, as well as whether any Brand

Ambassador was required to be a registered broker/dealer or possess a securities license to promote any of the foregoing offerings.

5. All documents authored by You, including but not limited to legal memorandums, white papers, electronic correspondence, and letters to third parties, regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

## EXHIBIT B

## DOCUMENTS TO BE PRODUCED

1.    All Documents or Communications between You and any representatives of the FTX Entities or Voyager Entities regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

2.    All Documents or Communications between You and any federal or state entity regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

3.    All Documents or Communications between You and any investor, consumer, or member of the public regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.

4.    All Documents or Communications between You and any Brand Ambassador of FTX or Voyager regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act, as well as whether any Brand Ambassador was required to be a registered broker/dealer or possess a securities license to promote any of the foregoing offerings.

5. All documents authored by You, including but not limited to legal memorandums, white papers, electronic correspondence, and letters to third parties, regarding whether the YBAs offered on the FTX Platform, the EPAs offered on the Voyager Platform, FTT, or VGX constituted a security required to be registered with the S.E.C., including whether any of the foregoing offerings were exempt from registration under the safe harbor provision of Regulation D of the Securities Act.